IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COOPER B-LINE, INC.,

Plaintiff,

Civil No. 14-cv-470-DRH-DGW

vs.

NEIL HOWARD,

Defendant.

### MEMORANDUM, ORDER, and DEFAULT JUDGMENT

**HERNDON, Chief Judge:**

Before the Court is a Motion for Default Judgment filed by plaintiff Cooper B-Line, Inc. against defendant Neil Howard (Doc. 8). Said Motion is **HEREBY GRANTED** for the following reasons.

I.   BACKGROUND

Plaintiff filed this action on April 24, 2014, seeking enforcement of a labor arbitration subpoena. The Complaint alleges that defendant refused to comply with a *Subpoena Ad Testificandum* ("Subpoena") issued by labor arbitrator Mark. W. Suardi ("Arbitrator") for defendant's appearance at, and testimony in, a labor arbitration entitled *International Association of Machinists & Aerospace Workers, District 9 (In re Termination of Adrian Harris) v. Cooper B-Line, Inc.*, FMCS No. 13-54315-A ("Arbitration"). The Arbitration concerns the Company's termination of its employee Adrian Harris—a subject matter that has previously been before District Judge G. Patrick Murphy, now retired.

In *Harris v. Cooper B-Line, Inc.*, CIV. 13-440-GPM, Judge Murphy dismissed Mr. Harris's claims against the Company, including a cause of action claiming that the Company breached a contract by terminating Mr. Harris's employment. *See* 2013 WL 3834455 (S.D. Ill. July 24, 2013). Judge Murphy concluded that Mr. Harris's breach-of-contract claim was preempted by Section 301 of the Labor Management Relations Act because it amounted to a claim for breach of a collective bargaining agreement. *Id.* at *3.

The present action seeks enforcement of a subpoena compelling the appearance and testimony of defendant at the Arbitration. Defendant and Mr. Harris were coworkers at the Company's facility in Highland, Illinois. The Company contends that it terminated Mr. Harris's employment after crediting a report from defendant that Mr. Harris threatened defendant with a gun on plaintiff's property.

The International Association of Machinists & Aerospace Workers, District 9 ("Union") grieved Mr. Harris's termination pursuant to the collective bargaining agreement ("CBA") between the Company and the Union regarding employees at the Company's Highland location. That grievance progressed through the grievance-arbitration procedures set out in the CBA, culminating with an arbitration hearing, which was scheduled by the parties to occur on February 25, 2014. By then, defendant's employment with the Company had also come to an end.

Leading up to the Arbitration, plaintiff served defendant with the Subpoena, which was signed by Arbitrator Mark W. Suardi, compelling defendant to appear

for, and testify at, the February 25th Arbitration hearing. Defendant refused to comply with the Subpoena. Due to defendant's absence, the Arbitrator adjourned the Arbitration hearing to give plaintiff an opportunity seek judicial enforcement of the Subpoena. Plaintiff's Complaint followed.

Defendant received service of the Complaint and Summons on April 30, 2014, yet he has filed no response to the Complaint. On May 27, 2014, the Company requested that the Clerk of the Court enter a default against Howard. *See* Doc. 6. On May 28, 2014, the Clerk entered the requested default. *See* Doc. 7.

## II. STANDARD OF LAW

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Because this action seeks an order compelling compliance with a labor arbitrator's subpoena—rather than the payment of a sum certain—plaintiff was required to "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2). *See also Catt*, 368 F.3d at 793 (seeking default judgment from the trial court pursuant to Rule 55(b)(2) is required where the moving party is "not suing for a sum certain (such as the face amount of a promissory note)").

## III. ANALYSIS

The Court concludes that a default judgment in favor of plaintiff should be issued because the Court has jurisdiction over this matter, defendant failed to respond to the Complaint as required by Rule 12, and the evidence included with plaintiff's Complaint demonstrates plaintiff's entitlement to judgment.

### A.    Jurisdiction is Proper.

The Court has jurisdiction to enter the default judgment that plaintiff requests.  A district court must determine whether it has subject-matter jurisdiction before rendering a default judgment. *See Swaime v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996). Seventh Circuit precedent demonstrates that federal jurisdiction exists for actions to enforce labor arbitration subpoenas. *See Teamsters Nat. Automotive Transporters Industry Negotiating Committee v. Troha*, 328 F.3d 325, 331 (7th Cir. 2003).

As explained in *Troha*, "the Supreme Court has determined that § 301, beyond expressly authorizing the federal courts to hear suits brought for violations of collective bargaining agreements, also authorizes the federal courts to fashion a body of common law for the enforcement of the collective bargaining agreements over which they have jurisdiction." *Id.* at 329 (citing *Textile Workers Union of Am. v. Lincoln Mills*, 353 U.S. 448, 77 S. Ct. 912, 1 L.Ed.2d 972 (1957)). Building on this concept, the Seventh Circuit held that "[w]hen the purpose of the lawsuit effectuates the goals of § 301, then it is appropriate for federal common law to embrace such suits." *Id.* at 330. *Troha* explains further:

> A collective bargaining agreement that requires arbitration is powerless if the parties to the arbitration cannot present evidence in the form of third person

> testimony or documents possessed by third parties. Enforcement of an agreement to arbitrate cannot provide the "necessary legal remedy" if the parties to the arbitration have no means of securing valuable evidence other than their own testimony.

*Id.* "We therefore hold that federal common law under § 301 creates a cause of action by which a party to a collective bargaining agreement that is otherwise covered by § 301 can enforce an arbitration subpoena against a non-signatory of the agreement." *Id.* at 331.

Here, that the CBA and the subject matter of the underlying Arbitration are covered by § 301 is a settled matter. As noted above, last year, Judge Murphy held that a contract claim regarding the termination of Mr. Harris, whose discharge from the Company is the subject of the underlying Arbitration in this case, was "preempted by § 301 of the LMRA." *Harris*, CIV. 13-440-GPM, 2013 WL at *3. Accordingly, federal common law jurisdiction clearly exists to enforce the Subpoena, which seeks to secure evidence for a labor arbitration matter that is subject to § 301.

### B. All Procedural Prerequisites for a Default Judgment Have Been Satisfied.

The Clerk of the Court properly entered a default against Defendant on May 28, 2014, at plaintiff's request and pursuant to Local Rule 55.1(a) because defendant failed to respond to the Complaint within 21 days of service of the Complaint and Summons. The FEDERAL RULES OF CIVIL PROCEDURE require that a defendant plead responsively to a complaint "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1). Defendant received

service of the Summons and Complaint on April 30, 2014, *see* Doc. 5, so his responsive pleading was due on May 21, 2014. To date, however, defendant has neither entered an appearance nor responded to the Complaint. Thus, the Clerk's proper entry of a default against defendant clears the way for the Court to enter a default judgment against defendant pursuant to Rule 55(a)(2) of the FEDERAL RULES OF CIVIL PROCEDURE. *See Catt*, 368 F.3d at 793.

### C. Evidence Before the Court Demonstrates the Company's Entitlement to Judgment.

Plaintiff included sufficient evidence with its Complaint to support the judgment that plaintiff seeks. As the Seventh Circuit has acknowledged, "parties to a labor arbitration may use subpoenas to obtain information from third parties." *Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 666 (7th Cir. 2009). Accordingly, the Subpoena represents a proper exercise of authority by Arbitrator Suardi and a well-established means of bringing evidence to a labor arbitration.

By failing to respond to the Complaint's allegations, defendant admitted all of them. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied."). Thus, it is undisputed that on February 22, 2014, defendant received service of the Subpoena signed by Arbitrator Suardi, commanding defendant's appearance at a labor arbitration hearing on February 25, 2014, and that defendant failed to comply with the Subpoena. *See* Compl. ¶¶ 16, 22. Plaintiff attached documentation confirming the service of the Subpoena

on Defendant. *Id.* at Exh. C. Defendant's non-compliance with the Subpoena prompted plaintiff to file this action for enforcement and, likewise, demonstrates plaintiff's entitlement to the relief it seeks: an Order compelling defendant to comply with Arbitrator Suardi's subpoena power and appear for and testify at the resumed Arbitration hearing.

### IV. CONCLUSION

For the foregoing reasons, the Court **HEREBY GRANTS** plaintiff Cooper B-Line, Inc.'s Motion for Default Judgment and **HEREBY ORDERS THAT** defendant Neil Howard shall appear for and provide testimony at the resumed arbitration hearing in the labor arbitration entitled *International Association of Machinists & Aerospace Workers, District 9 (In re Termination of Adrian Harris) v. Cooper B-Line, Inc.*, FMCS No. 13-54315-A on June 18, 2014, or at such later date determined by Arbitrator Mark W. Suardi.

**IT IS SO ORDERED**.

Signed this 3rd day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.03 12:19:49 -05'00'

**Chief Judge**
**U.S. District Court**